UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JOE MASSARO,

                    Plaintiff,                    MEMORANDUM & ORDER
                                                  10-CV-0911(JS)(WDW)
          -against-

BILL PITTS, JR.,
                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:       Fredric M. Gold Esq.
                     Frederic M. Gold P.C.
                     450 Seventh Avenue
                     New York, NY 10123

For Defendant:       No appearances.

SEYBERT, District Judge:

        Pending before the Court is Plaintiff Joe Massaro's

response to the Court's Order to Show Cause why this action

should not be dismissed for lack of subject matter jurisdiction.

For the following reasons, the Court DISMISSES the case.

                          BACKGROUND

        Joe   Massaro  ("Plaintiff")  sued  Bill  Pitts,  Jr.

("Defendant")  for  breach  of  contract,  asserting  diversity

jurisdiction under 28 U.S.C. § 1332.  Plaintiff agreed to sell

Defendant 475 shares of stock, which represented a proportional

share of the assets in Lightning Bolt Maui, Inc. for a purchase

price of $35,716.22.   (Compl. ¶ 6.)   On the closing date,

September 15, 2008, Plaintiff transferred the shares, and in

exchange, Defendant executed a promissory note ("Note") due in

full on December 31, 2009.   (Complaint ¶¶ 7, 9-12.)   The Note

provided that if Defendant did not pay the principal amount within ten calendar days after the due date, he would be in default, which would entitle Plaintiff to late payment charges and costs incurred to collect the principal, including reasonable attorney's fees. (Compl. ¶¶ 12-14; Note, Gold Aff., Docket Entry 10, Ex. 2.) Despite Plaintiff's attempts to collect the debt, to date Defendant has not made any payments to Plaintiff. (Compl. ¶¶ 15-16, 19.)

Plaintiff filed suit on March 2, 2010 (Docket No. 1), Defendant failed to answer, and Plaintiff filed a motion for default judgment on December 15, 2010 (Docket Entry 4). Default was noted on January 5, 2011 (Docket Entry 5), and on February 8, 2011, this Court referred the matter to Magistrate Judge William D. Wall to issue a Report & Recommendation ("R&R") as to whether a default judgment should be entered and a determination of damages (Docket Entry 7).

On July 13, 2011, Magistrate Judge Wall issued an R&R recommending that Plaintiff be awarded a default judgment of $35,716.22 in damages and $350 in costs. (R&R 1.) On September 15, 2011, the Court declined to adopt the R&R, noting that the amount in controversy appeared to be below the diversity statute's $75,000 threshold, and ordered Plaintiff to show cause as to why the matter should not be dismissed for lack of subject matter jurisdiction. (Docket Entry 12.)

<u>DISCUSSION</u>

Federal courts lack the power to disregard their limited jurisdiction. <u>Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009) (citing <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)). "If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action sua sponte." <u>Id.</u> at 62-63; <u>see also</u> FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." (emphasis added)).

The diversity statute requires that "the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Plaintiff must demonstrate to "a reasonable probability" that the claim exceeds the "statutory jurisdictional amount." <u>Tongkook Am., Inc. v. Shipton Sportswear Co.</u>, 14 F.3d 781, 784 (2d Cir. 1994); <u>see also</u> <u>Jordan v. Verizon Corp.</u>, 391 Fed. Appx. 10, 12 (2d Cir. 2010). The Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of actual amount in controversy[,]" <u>Scherer v. Equitable Life Assurance Soc'y of U.S.</u>, 347 F.3d 394, 397 (2d Cir. 2003), and to overcome the presumption, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount[.]"

3

Tongkook, 14 F.3d at 784 (internal citations omitted). The court may rely on affidavits and other evidence to determine the amount in controversy. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. Ctr. Mark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994).

Plaintiff argues that the Court has subject matter jurisdiction over the matter because, although the disputed amount is only $35,716.22 (see Promissory Note, Docket Entry 13), the five-percent late payment fee, interest, and "all the costs of collection, including reasonable attorneys' fees" push the amount in controversy past the $75,000 threshold. (See Pl. Resp. 1-2; Note, Gold Aff., Ex. 2.) The Court disagrees.

In the Second Circuit, "attorney's fees may be used to satisfy the amount in controversy only where they are recoverable as of right pursuant to statute or contract." In re Ciprofloxacin Hydrochloride Antitrust Litig., 166 F. Supp. 2d 740, 755 (E.D.N.Y. 2001). The promissory note gives Plaintiff the right to collect "reasonable attorneys' fees" in the event of a default. (See Note, Gold Aff., Ex. 2.) Hawaii law, which governs the promissory note pursuant to a choice-of-law clause, see Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001), permits awards of attorney's fees in promissory note and breach of contract actions to the prevailing party, but caps them at "twenty-five percent of the judgment." HAW. REV. STAT. § 607-14. This is true notwithstanding the promissory note's

4

plain language providing for unspecified, reasonable fees and the Plaintiff's counsel's retainer agreement that provided for attorney's fees of one-third of the recovered amount (Retainer Agreement, Gold Aff., Ex. 3).  See HAW. REV. STAT. § 607-14.

Accordingly, while Plaintiff has a contractual right to attorney's fees and thus may include them in the amount-in-controversey calculation, his fees are capped at twenty-five percent of the recovery.  Including the five-percent late fee, the amount due under the promissory note is $37,502.03. Assuming Plaintiff was entitled to the maximum twenty-five percent in attorney's fees, see id., he would be entitled to an additional $9,375.51.  These figures total $46,877.54, well below the $75,000 jurisdictional requirement.  28 U.S.C. § 1332.

CONCLUSION

For the foregoing reason, the Court dismisses this case, without prejudice, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  The Clerk of the Court is respectfully directed to mark this case CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: November __15__, 2011
       Central Islip, New York